**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

REV. J.C. DUCKWORTH                                                      PLAINTIFF

V.                                                                 CIVIL ACTION NO.
                                                                          2:09-CV-215-P-A

THIMOTHY JOHNSON                                                  DEFENDANT

## REPORT AND RECOMMENDATION

The plaintiff Rev. J.C. Duckworth filed this action *pro se* and has moved to proceed *in forma pauperis*. Docket # 2. Duckworth asserts a claim against Thimothy Johnson seeking $4,000 in damages due to an automobile accident in which Duckworth claims Johnson was at fault.[1] Docket #1. The complaint does not allege where the accident occurred. Both Duckworth and Johnson are residents of the State of Mississippi.

"Federal courts are courts of limited jurisdiction having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Epps v. Bexar-Medina-Atascosa Counties Water*, 665 F.2d 594, 595 (5th Cir. 1982) (quoting *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). Federal courts do not have the broader jurisdictional grants found in State courts. Thus, this court may go forward with this case only if it has jurisdiction to do so. To proceed in this case, which is based on a state law negligence claim, this court must have subject matter jurisdiction under either the federal question statue, 28 U.S.C. § 1331 or the diversity of citizenship statute, 28 U.S.C. § 1332. To fall under 28 U.S.C. § 1331, the federal question must appear on the face of the complaint. *Phillips Petroleum Co. v. Texaco, Inc.*, 415

---

[1] The undersigned construes the plaintiff's complaint to allege a state law tort claim of negligence.

U.S. 125, 127, 94 S.Ct. 1002, 1003-04 (1974).  The federal courts also have original jurisdiction over all civil actions, including state law claims such as plaintiff's claim here, only where the matter in controversy exceeds the sum or value of $75,000 and the parties are citizens of different States.  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402 (1978) (emphasis in the original).

Under Fed.R.Civ.P. 12(h)(3) if the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the case.  Even if there has been no responsive pleading by the defendant, the court may dismiss the action *sua sponte* due to lack of subject matter jurisdiction.  *Howard v. Lemmons*, 547 F.2d 290, FN 1 (5th Cir. 1977).

The face of the plaintiff's complaint contains a state tort claim of negligence and does not contain a cognizable claim arising under federal law.  Therefore, the undersigned concludes that there is no federal question jurisdiction under 28 U.S.C. § 1331.  In addition, both the plaintiff and defendant are residents of the state of Mississippi, and the amount of damages the plaintiff seeks is $4000.  Because the parties are not diverse, and the amount in controversy does not meet or exceed the prescribed amount of $75,000, the undersigned has determined that this case does not meet the requirements under 28 U.S.C. § 1332(a)(1) necessary to confer the court with diversity of citizenship jurisdiction.

The undersigned recommends that this case be dismissed under Rule 12(h)(3) without prejudice to plaintiff's right to seek relief in Mississippi State courts because subject matter jurisdiction has not been established under either the federal question statute, 28 U.S.C. § 1331 or the diversity of citizenship statute, 28 U.S.C. § 1332.  Moreover, Rev. Duckworth's IFP application should be denied as moot.

Rev. Duckworth is referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure to object to these findings and recommendations. Written objections must be filed within fourteen days of the date of this report and recommendation, and

> a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . .

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

Respectfully submitted, this the 17th day of December, 2009.

      /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE